| | DATE FILED: October 10, 2019 4:59 PM<br>FILING ID: D4363F1947B28<br>CASE NUMBER: 2019CV30975 |
|---|---|
| DISTRICT COURT OF THE 20TH JUDICIAL DISTRICT<br>BOULDER COUNTY, STATE OF COLORADO<br><br>Court Address:  1777 Sixth Street<br>                          Boulder, Colorado 80302<br><br>Phone Number: (303) 441-3750 | |
| Plaintiff:<br><br>**ALLISON BROOKMAN**<br><br>v.<br><br>Defendant:<br><br>**DILLON COMPANIES, LLC** d/b/a **KING SOOPERS, INC.** | ▲ Court Use Only ▲ |
| <u>Plaintiff's Attorney:</u><br>Joseph Woelkers, #45559<br>ZANER HARDEN LAW, LLP<br>1610 Wynkoop Street, Suite 120<br>Denver, Colorado 80202<br>Telephone: (303) 563-5354<br>Facsimile:  (303) 563-5351<br>E-mails:     jw@zanerhardenlaw.com | Case No.:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

The Plaintiff, Allison Brookman, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

### JURISDICTION AND VENUE

1. At all times relevant to this action, the Plaintiff, Allison Brookman (hereinafter referred to as "Plaintiff"), resided in Adams County, Colorado.

2. Upon information and belief, at all times relevant to this action, the Defendant, Dillon Companies, LLC d/b/a King Soopers, Inc. (hereinafter referred to as "Defendant"), was and is incorporated in the State of Kansas with authorization to conduct business in the State of Colorado. Defendant's principal place of business is located at 2800 East 4th Street, Hutchinson, Kansas.

3. Upon information and belief, this action arises out of a slip and fall incident that occurred on December 24, 2017, in Boulder County, Colorado, at one of Defendant's places of

EXHIBIT A

business located at 1375 East South Boulder Road, Louisville, Colorado (hereinafter referred to as the "Premises").

4. Venue is proper in Boulder County District Court pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

5. Upon information and belief, at all times relevant to this action, Defendant was a statutory "landowner" under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

6. Upon information and belief, at all times relevant to this action, Defendant was responsible for maintaining the floors on the Premises, such as removing spilled, wet, and/or other slippery substances and materials.

7. On or about December 24, 2017, at approximately 2:20 p.m., Plaintiff was shopping for groceries on the Premises in the produce section of the store.

8. As Plaintiff was walking through the produce aisles, she stepped on a slippery substance on the floor, slipped, and fell, immediately injuring her right hamstring and shoulder.

9. Spilled, slippery substances and materials, like the one that Plaintiff slipped on, are well-known dangerous conditions for grocery store landowners, such as Defendant.

10. At all times relevant to this action, Plaintiff was a statutory "invitee" and was lawfully permitted to be on the Premises.

11. At all times relevant to this action, Defendant had a duty to exercise reasonable care in maintaining the floors on the Premises.

12. At all times relevant to this action, Defendant was to use due care to ensure the safety of its customers and invitees traversing the Premises.

13. At all times relevant to this action, Defendant knew, or should have known, that invitees such as Plaintiff would be utilizing the floors of the Premises.

14. At all times relevant to this action, Defendant knew, or should have known, that the floors of the Premises needed to be clear of dangerous conditions to ensure the safety of its customers and invitees, such as Plaintiff.

15. On December 24, 2017, Defendant failed to remove from its Premises the dangerous condition on which Plaintiff slipped.

16. Plaintiff was not comparatively negligent at the time of the incident.

17. Plaintiff did not cause her incident-related injuries.

18. Defendant's failure to maintain the Premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's incident-related injuries and damages.

19. As a direct and proximate result of the aforementioned incident, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, medical expenses, rehabilitation expenses, wage loss, loss of earning capacity, and other economic losses.

20. As a direct and proximate result of the aforementioned incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

21. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will continue to suffer in the future, physical impairment.

## CLAIM FOR RELIEF
### Statutory Premises Liability pursuant to C.R.S. § 13-21-115

22. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

23. Defendant, as a "landowner" of the Premises, had a duty to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

24. At all times relevant to this action, Plaintiff was an "invitee" of the Premises.

25. At all times relevant to this action, Plaintiff walking on the floors of the produce aisles on the Premises was foreseeable, as were Plaintiff's resulting injuries.

26. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

27. At all times relevant to this action, Defendant had a duty to use reasonable care to protect its customers and invitees, such as Plaintiff, against dangerous conditions on the Premises.

28. Defendant failed to use reasonable care to protect Plaintiff against the Premise's dangerous condition discussed above.

29. Defendant's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

EXHIBIT A

30.     Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## JURY REQUEST

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, the Plaintiff, Allison Brookman, prays for judgment against Defendant Dillon Companies, LLC d/b/a King Soopers, Inc., in an amount to be determined by the trier of fact for Plaintiff's losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief and the Court may deem appropriate, just, and proper.

Respectfully submitted this 10th day of October 2019.

ZANER HARDEN LAW, LLP

*/s/ Joseph Woelkers*
Joseph Woelkers
*Attorney for Plaintiff*

*Plaintiff's Address*:
11319 Navajo Circle #B
Westminster, Colorado 80234